IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Brenda Nestor, as Personal Representative of the Estate of Victor Posner, deceased,<br><br>PLAINTIFF,<br><br>vs.<br><br>The United States,<br><br>DEFENDANT | CASE NO. 06-292T<br><br>Judge Lynn J. Bush |

## FIRST AMENDED COMPLAINT

Brenda Nestor, as Personal Representative of the Estate of Victor Posner, deceased (the "Estate"), hereby complains against Defendant The United States (the "United States") as follows:

## NATURE OF THE CLAIM

1. This is an action seeking recovery of estate tax and applicable interest thereon that Defendant United States collected from the Estate, and refused to refund or credit, in respect of a payment the Estate made after the death of the decedent, Victor Posner (the "Decedent"). Based upon the Estate's Internal Revenue Service ("IRS") Form 706 ("United States Estate (and Generation-Skipping Transfer) Tax Return") (the "federal estate tax return"), as originally filed, the minimum amount at issue in this case to which the Estate is entitled to a refund is estimated to be $9,400,000.

## PARTIES

2. At the time of his death, the Decedent resided in Miami Dade County, Florida. The Estate is being administered in Miami Dade County, Florida. The Estate's authorized Personal Representative is Brenda Nestor, whose business address

is 1250 E. Hallandale Beach Blvd., Suite 300, Hallandale, Florida 33009. The Decedent's social security number was ████████, and the Estate's taxpayer identification number is 61-6283390.

3. Defendant is the United States.

## JURISDICTION

4. Jurisdiction is conferred on this Court by Sections 1346(a)(1) and 1491(a)(1) of Title 28 of the United States Code, and by Section 6532 and 7422 of the Internal Revenue Code of 1986, as amended (the "Code"), 26 U.S.C. §§ 6532, 7422.

5. The Estate has complied with all applicable sections of the Code, including Code § 7422(j), necessary to give this Court jurisdiction to hear this matter. In particular: (a) it has been more than six months since the Estate first filed with the IRS a refund claim requesting a refund of the estate tax overpayment; (b) the IRS has indicated its intention to disallow the refund claim, but has not yet issued a statutory notice of claim disallowance; (c) no portion of the Code § 6166 installments have been accelerated; (d) all Code § 6166 installments for which the due date has passed have been paid; (e) there is no case pending in Tax Court with respect to the Estate's federal estate tax liability and there has been no notice of deficiency issued with respect to such tax; and (f) there is no proceeding pending for declaratory judgment under Code § 7479.

## FACTS

6. The Decedent died February 11, 2002. At the time of his death, the Decedent owned and operated significant real estate holdings through a number of closely held business interests.

7. After the Decedent's death, the Personal Representative was required to file a federal estate tax return, as well as IRS Form 709 ("United States Gift

(and Generation-Skipping Transfer) Tax Return") (a "federal gift tax return") for any year in which the Decedent had made taxable gifts but did not file a federal gift tax return.

8.     The Estate's federal estate tax return was due November 12, 2002. On that date, the Estate timely filed IRS Form 4768 ("Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes") (the "Form 4768 extension request") requesting an extension of time to file the federal estate tax return until May 12, 2002, which request was granted.  The Estate also submitted a $12 million payment with the Form 4768 extension request in partial satisfaction of the federal estate and generation-skipping transfer ("GST") tax liability that the Estate estimated and believed was due and payable on November 12, 2002.

9.     The Estate's Form 4768 extension request stated that the Estate's estimates were "solely for purposes of complying with the instructions to Form 4768." Form 4768 requires those estimates, as well as payments based on those estimates, to avoid the imposition of interest and penalties.

10.    In early 2003, the Estate determined that the entire federal estate tax liability qualified for Code § 6166 deferral.  Code § 6166 provides an extension of time for the payment of estate tax where the estate consists primarily of closely held businesses, to prevent the forced liquidation of such businesses in order to pay the estate tax liability.  The statute reflects Congress's intent to "keep together" such businesses and allow these enterprises to fund the estate tax "out of earnings of the business … without upsetting the operation of the business."  H.R. Rep. No. 85-2198, pt. III, at § 6 (1958).

3

11. When a Code § 6166 election is made, the estate tax can be deferred for up to fourteen years. During the first four years, the estate is only required to make annual interest payments on the estate tax (and not payments of the estate tax itself). Code § 6166(a)(3), (f)(1). The estate tax itself may be deferred over a period of an additional ten years. Code § 6166(a)(1).

12. On May 12, 2003, the Estate timely filed a federal estate tax return and made a timely Code § 6166 election to defer the <u>entire</u> federal estate tax liability, which the IRS tentatively has granted. The Estate's first annual interest payment was due November 11, 2003. The first of the ten annual installment payments of estate tax is not due until November 11, 2007.

13. The federal estate tax return, as originally filed, also reported GST tax due of $500,000, which amount is not subject to Code § 6166 deferral.

14. In early 2003, the Estate discovered that the Decedent had made substantial gifts for over 20 years preceding his death for which federal gift tax returns had not been filed. Accordingly, in addition to filing the federal estate tax return, the Estate filed federal gift tax returns reporting a significant amount of gift tax and interest thereon. Unlike the estate tax, gift tax is not eligible for deferral under Code § 6166. Therefore, the gift tax liability reported by the Estate was due and payable as a debt owed to the United States even before the Decedent's death.

15. If, as of November 12, 2002, the Estate (a) had been able to estimate more accurately its federal estate tax liability and determine that the entire liability qualified for payment deferral pursuant to Code § 6166 and (b) had known of the existence of the federal gift tax liability, the Estate would have used a substantial portion

4

of its $12 million cash on hand to pay the federal gift tax liability—which does not qualify for Code § 6166 deferral—instead of paying a portion of the federal estate tax liability—which does qualify for Code § 6166 deferral.

16. The Estate is seeking recovery of the $12 million payment, less (a) the amount required to satisfy the Code § 6166 interest-only installment payments for which the due date has passed and (b) the GST tax not subject to Code § 6166 deferral, and is requesting that Defendant United States apply such amount to the federal gift tax liability. Based on the Estate's federal estate tax return as originally filed, the annual interest-only installment payments are approximately $654,000, $620,000 and $826,000 for 2003, 2004 and 2005, respectively, and the GST tax is $500,000. The due dates for the 2003, 2004 and 2005 installments have passed, thus leaving a minimum of $9,400,000 estimated to be refunded to the Estate and applied to the gift tax liability.

17. If the Estate's request is not granted, and the Estate is forced to pay the entire outstanding gift tax liability without any reduction for the re-application of the initial $12 million payment, the continued viability of the Decedent's closely held business interests could be endangered, in direct contravention of the purpose and intent of Code § 6166.

**THE AUDIT AND ADMINISTRATIVE PROCEEDINGS**

18. The Estate's first annual Code § 6166 interest-only installment payment became due on November 11, 2003. On or about that date, the IRS Service Center informed one of the Estate's attorneys in telephone conversations that the Estate's $12 million payment would be applied to the first four years of interest-only

installment payments, and that the Estate would not be required to make any installment payments during such time.

19. The November 18, 2003 billing statement from the IRS Service Center shows that the Service Center treated the $12 million payment as an overpayment, and applied it to offset the interest-only installment payment that was calculated to be $421,401.63, resulting in a zero balance due on November 11, 2003. (The Service Center's calculation of the interest-only installment payments is based on the federal estate tax liability reported on the federal estate tax return as originally filed, as reduced by the Estate's overpayment, whereas the Estate's calculation is based on such liability, without reduction for the Estate's overpayment.)

20. The November 18, 2003 billing statement from the IRS Service Center also shows as an overpayment $671,938.80 of proceeds from real estate sales that the IRS had collected in connection with the Estate's estate tax lien release requests.

21. On May 21, 2004, during an in-person meeting with the IRS estate and gift tax attorney (the "IRS agent"), who was conducting the examination of the Estate's federal estate tax return and federal gift tax returns, and the IRS supervisory attorney of estate and gift tax (the "IRS supervisory attorney") in Plantation, Florida, the Estate's attorneys requested that the $12 million payment be applied to the Estate's federal gift tax liability. The IRS supervisory attorney requested that the Estate submit its request in writing.

22. On August 5, 2004, the Estate submitted a letter to the IRS supervisory attorney and the IRS agent requesting that the $12 million payment be applied to the Estate's federal gift tax liability.

23. On August 11, 2004, the IRS agent denied the request during a telephone conversation with one of the Estate's attorneys, and indicated that the issue would be submitted to the IRS Office of Associate Chief Counsel ("National Office") for technical advice.

24. Although the IRS had denied the Estate's request to credit the $12 million overpayment to the Estate's federal gift tax liability, on or about August 11, 2004, the IRS credited (effective as of October 27, 2003) the $671,938.80 overpayment (collected from the real estate sales) from the Estate's estate tax liability to the Estate's gift tax liability.

25. On August 31, 2004, the Estate filed IRS Form 911 ("Application for Taxpayer Assistance Order") to request assistance from the IRS Taxpayer Advocate in resolving the application of the $12 million payment. However, the Taxpayer Advocate declined to offer assistance because the issue was going to be submitted to the IRS National Office for technical advice.

26. As discussed in paragraph 19 above, the November 18, 2003 billing statement from the IRS Service Center showed the $12 million payment as an overpayment, which was applied to offset the first annual interest-only installment payment. The October 25, 2004 billing statement from the Service Center for the second annual interest-only installment payment (due November 11, 2004) retroactively recharacterized the $12 million payment as a payment of estate tax, and thus the billing

statement no longer showed an overpayment. Moreover, the Estate was billed $820,501.67, consisting of $391,893.38 of interest calculated to be due in respect of the second annual interest-only installment and $428,608.29 of unpaid interest calculated to be due in respect of the first annual interest-only installment (which the November 18, 2003 billing statement showed as fully paid).

27. On November 4, 2004, the IRS Service Center informed one of the Estate's attorneys during a telephone conversation that the Service Center had recently changed its policy and no longer would allow overpayments to be applied to interest-only installment payments under Code § 6166. Accordingly, the $12 million payment had been reapplied from the first four years of interest-only installments to the estate tax (which is eligible for deferral until November 11, 2007).

28. On November 10, 2004, the Estate again submitted a written request to the IRS agent, with a copy to the IRS Service Center, requesting that the IRS (a) credit the $12 million payment first to any Code § 6166 interest-only installment payments whose original due dates had passed, with any remaining balance applied to the Estate's gift tax liability; or, in the alternative, (b) not apply retroactively the Service Center's asserted "new" policy concerning the Estate's $12 million payment, which retroactive application would be impractical and unduly burdensome for the Estate because it would require the Estate to make redundant Code § 6166 installment payments that already had been paid and that the IRS had acknowledged as having been paid. As the Estate explained, such retroactive application would be inequitable and would impose an undue hardship and burden on the Estate, which was exercising its best efforts to discharge all of its federal tax liabilities, including its substantial gift tax

8

liability, during a time when it was facing significant liquidity issues due to the operation and development of its Code § 6166 closely held business interests.

29.   On August 5, 2005, the IRS agent submitted a request to the IRS National Office for technical advice concerning, among other issues, the proper application of the Estate's $12 million payment.

30.   On or about February 9, 2006, the IRS National Office informed the Estate of its tentative position that the Estate did not have a right to a refund or credit of any portion of the $12 million payment.  However, the National Office indicated that the IRS supervisory attorney could exercise his discretion in applying the $12 million payment.

31.   On March 3, 2006, the IRS supervisory attorney in a voicemail message to one of the Estate's attorneys indicated that he would not exercise his discretion until the official technical advice memorandum was issued; however, even if he had discretion, the IRS supervisory attorney indicated that he still was uncertain that he would allocate the payment in the manner the Estate had requested.

32.   The statutory period for assessment for the federal estate tax return and the majority of the federal gift tax returns expires May 12, 2006.  The Estate anticipates that statutory notices of deficiency ("90-day letters") will be mailed before such date.

## LEGAL PRINCIPLES

### Under Code §§ 6402 and 7422(j), the Estate Is Entitled to a Refund of the $12 Million Payment, Less any Interest-Only Installments that Have Become Due, Less the GST Tax Due

33.   Under Code §§ 6402 and 7422(j), the Estate has made an overpayment of installments currently due and payable under Code § 6166 that entitles

9

the Estate to a refund or credit of such overpayment to the Estate's federal gift tax liability. Code § 6402(a) provides that a credit or refund may be made "in the case of any overpayment."

34. The Code contains no explicit definition of the term "overpayment"; however, the United States Supreme Court has clearly established that an overpayment is "any payment in excess of that which is properly due. Such an excess payment may be traced to an error in mathematics or in judgment or in interpretation of facts or law. And the error may be committed by the taxpayer or by the revenue agents. Whatever the reason, the payment of more than is rightfully due is what characterizes an overpayment." *Jones v. Liberty Glass Co.*, 332 U.S. 524, 531 (1947).

35. The Estate's $12 million payment constitutes such an overpayment. Because the entire federal estate tax liability qualified for Code § 6166 deferral, the Estate was not required to pay any estate tax or interest on November 12, 2002. Rather, Code § 6166 only requires annual interest payments on the estate tax (and not payments of estate tax itself) for the first four years, and the first interest payment was not due until November 11, 2003. The first of the ten annual installment payments of estate tax required by Code § 6166 is not due until November 11, 2007.

36. Code § 7422(j) provides recourse for an overpayment of installments due under Code § 6166. The enactment of this section in 1998 affirmed Congress' intent to create a special rule for estates making a Code § 6166 election that enables such estates to maintain and benefit from the valuable legal rights granted by that section in the event payments are made in excess of installments currently due and payable. See Staff of the Joint Committee on Taxation, Description of Revenue

Provisions Contained in the President's Fiscal Year 1999 Budget Proposal, 105th Cong., 2d Sess., JCS-4-98 (1998) ("The proposal is intended to equalize access to the courts between taxpayers who are required to pay their full estate tax liability at one time with those taxpayers who are deferring payments under section 6166, as long as such taxpayers are current with respect to their installment payments.").

37. Code § 7422(j)(1) expressly provides that the federal district courts and this Court shall have jurisdiction over an action brought by the representative of an estate for any refund of estate tax even though the full amount of the estate tax liability has not been paid because the estate has made a Code §6166 election to defer payment of the estate tax.

38. Code § 7422(j)(3) confirms that "any amounts paid in excess of the installments determined by the court as currently due and payable shall be refunded."

39. In this case, the due dates for the first three interest-only installments have passed, and these installments should have been (and have been) satisfied by the $12 million payment. Such payment also satisfied the GST tax due. The Estate is clearly entitled to a refund of the remaining balance under Code § 7422(j), and the Estate requests that Defendant United States apply this amount to the Estate's federal gift tax liability, which amount was due and owing even before the Decedent's death.

40. The Estate emphasizes that it has requested that any refund of the federal estate tax overpayment be applied to the Estate's federal gift tax liability. Code § 6402(a) states that the Secretary of the Treasury "may credit the amount of [an] overpayment, including any interest allowed thereon, against any liability in respect of

an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person." As discussed in paragraph 24 above, the IRS has exercised this discretion in granting the Estate's request to credit a $671,938 overpayment from the Estate's estate tax liability to the Estate's gift tax liability.

41. The IRS National Office tentatively has confirmed that the IRS supervisory attorney indeed has discretion to credit the Estate's $12 million payment to the gift tax liability.

### Retroactive Application of the IRS Service Center's "New" Policy Would Irreparably Harm the Estate

42. If Defendant United States is permitted to retroactively apply the IRS Service Center's asserted "new" policy regarding the application of overpayments of estate tax, the Estate's $12 million payment will be reapplied from the first four annual interest-only installment payments to the estate tax liability (which is eligible for deferral until November 11, 2007). As a result, the Estate will have to come out of pocket to pay the interest installments that would be past-due, as well as interest that has accrued thereon.

43. Such retroactive application would be inequitable and would impose an undue hardship and burden on the Estate, which is exercising its best efforts to discharge all of its federal tax liabilities, including its substantial gift tax liability, during a time when it is facing significant liquidity issues due to the operation and development of its Code § 6166 closely held business interests. It would be impractical and unduly burdensome for the Estate to make redundant Code § 6166 installment payments that already have been paid and that the IRS has acknowledged have been paid. Moreover,

the Estate will be irreparably harmed if it must liquidate its Code § 6166 assets to meet these obligations that already have been satisfied.

44. Accordingly, if the Estate's request for refund or credit is not granted, Defendant United States should be equitably estopped or enjoined from retroactively reapplying the Estate's overpayment from the interest-only installments to the estate tax liability.

## COUNT ONE

## ACTION FOR REFUND OR CREDIT BASED ON CODE §§ 6402 AND 7422(j)

45. The Estate incorporates herein by reference its allegations in paragraphs 1-44.

46. As a result of Defendant United States' erroneous failure to refund or credit the Estate's $12 million payment, the Estate has overpaid the Code § 6166 interest-only installments currently due and payable. The Estate is entitled to a refund or credit of at least approximately $9,400,000 and any interest as allowed by law.

## COUNT TWO

## ACTION FOR INJUNCTION BASED ON EQUITABLE ESTOPPEL

47. The Estate incorporates herein by reference its allegations in paragraphs 1-46.

48. As an alternative position, if Defendant United States is allowed to retroactively apply the IRS Service Center's asserted "new" policy to apply the $12 million payment to estate tax eligible for deferral under Code § 6166 rather than interest-only installments, the Estate will be indisputably and irreparably harmed. Consequently, Defendant United States should be enjoined from taking such action.

**WHEREFORE**, Plaintiff Brenda Nestor, as Personal Representative of the Estate of Victor Posner, deceased, prays that the Court enter judgment against Defendant United States in the amount of at least approximately $9,400,000, plus interest thereon as provided by law; or, in the alternative, that the Court enjoin Defendant United States from retroactively reapplying the Estate's $12 million payment from the interest-only installments to the estate tax liability, and for such other and further relief as the Court deems just and proper.

                Respectfully submitted,

__May 2, 2006__  
DATE

        s/Natalie Hoyer Keller  
Natalie Hoyer Keller (IL Bar #6243228)  
KIRKLAND & ELLIS LLP  
200 E. Randolph Drive  
Chicago, Illinois 60601  
(312) 861-2229 (Voice)  
(312) 861-2200 (Facsimile)

Thomas L. Evans (IL Bar #6188781)  
KIRKLAND & ELLIS LLP  
655 Fifteenth Street, N.W.  
Washington, D.C. 20005  
(202) 879-5272 (Voice)  
(202) 879-5200 (Facsimile)

Attorneys for Plaintiff Brenda Nestor, as Personal Representative of the Estate of Victor Posner, deceased

## CERTIFICATE OF SERVICE

This is to certify that the foregoing **Plaintiff's First Amended Complaint** was served on this 2nd day of May, 2006, by electronic transmission and by mailing one true and correct copy thereof, in a postage pre-paid envelope, to the following address:

Jennifer Dover Spriggs, Esquire
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Washington, D.C. 20044

        s/Natalie Hoyer Keller
Natalie Hoyer Keller (IL Bar #6243228)
KIRKLAND & ELLIS LLP
200 E. Randolph Drive
Chicago, Illinois 60601
(312) 861-2229 (Voice)
(312) 861-2200 (Facsimile)